# Riemann v. Ben Franklin Insurance Company, Appellant.

*Insurance—Fire insurance—Conflict of evidence—Case for jury.*

In an action on a fire insurance policy where the loss is entire and where all the matters of fact alleged as a defense are directly contradicted by the testimony of the plaintiff, the case is for the jury.

Submitted Nov. 4, 1909.  Appeal, No. 29, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 630, on verdict for plaintiff in case of Augusta Riemann v. The Ben Franklin Insurance Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Assumpsit on a policy of fire insurance.  Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,061.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*T. C. Pitcairn* and *J. S. Ferguson,* for appellant.

*Albert H. Moeser,* for appellee.

PER CURIAM, January 3, 1910:

This was an action on a fire insurance policy.  The assignments relate to the refusal of the court to direct a verdict for the defendant and to enter judgment for it non obstante veredicto.  The building insured was a dwelling house and the loss was total.  The grounds of defense at the trial were that the house had been unoccupied for a period of over ten days immediately prior to the fire; that the plaintiff had not furnished proper proofs of loss within sixty days and that she had not furnished a magistrate's certificate when required, as pro-

vided by the policy. It appeared from the plaintiff's testimony that she had lived in the house until the evening of the day the fire occurred; that notice of the fire was given the company's agent the same or the next day; that on the day following the company's adjuster visited the premises and took her statement as to the character of the building and the cause of the fire, and that she had complied with all the requirements made and all the conditions of the policy. The issue was one of fact, which was necessarily for the jury.

The judgment is affirmed.